# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN

THOMAS F. BALL, II,

      Petitioner,

  v.                                        Case No. 21-CV-637

DAN WINKLESKI,

      Respondent.

## RULE 4 ORDER

Thomas F. Ball, II, who is currently incarcerated at the New Lisbon Correctional Institution, seeks a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Docket # 1.) Ball challenges his judgment of conviction in Washington County Case Nos. 2000CF358 and 2000CF367. (*Id.* at 2.) In Case No. 2000CF358, Ball pled no contest and was convicted of armed robbery with threat of force, first-degree reckless endangerment, and endangering safety by reckless use of a firearm, all as a repeater. (*Id.* at 35.) In Case No. 2000CF367, a jury convicted Ball of disarming a peace officer, first-degree recklessly endangering safety by use of a dangerous weapon, battery of a peace officer, escape from criminal arrest, armed car-jacking, and felon in possession of a firearm, all as a repeater. (*Id.* at 36.) Ball was sentenced in the two cases to forty years of initial confinement followed by forty-five years of extended supervision. (*Id.* at 37.) Ball alleges that his convictions and sentence are unconstitutional.

Ball has paid the $5.00 filing fee and his petition is ready for screening in accordance with Rule 4 of the Rules Governing Section 2254 Cases. Under Rule 4, I must dismiss a

petition summarily if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." During this initial review, I determine whether the petitioner has set forth cognizable constitutional or federal law claims and exhausted available state remedies.

Ball alleges ineffective assistance of trial counsel. (*Id.* at 6–7.) It appears Ball has exhausted all available state court remedies. (*Id.* at 6–8.) As Ball's petition appears to set forth cognizable constitutional claims and he appears to have exhausted his state court remedies, summary dismissal under Rule 4 is not appropriate and the respondent will be called upon to serve and file an answer, motion, or other response to the petition for a writ of habeas corpus.

**NOW, THEREFORE, IT IS HEREBY ORDERED** that a copy of Ball's petition and this order shall be served upon the respondent by service upon the State of Wisconsin Attorney General.

**IT IS FURTHER ORDERED THAT** the respondent is directed to serve and file an answer, motion, or other response to the petition, complying with Rule 5 of the Rules Governing Habeas Corpus Cases, within **SIXTY (60)** days of the date of this order.

**IT IS FURTHER ORDERED THAT** unless the respondent files a dispositive motion in lieu of an answer, the parties shall abide by the following schedule regarding the filing of briefs on the merits of the petitioner's claim:

1.    The petitioner shall have **forty-five (45)** days following the filing of the respondent's answer within which to file his brief in support of his petition;

2.    The respondent shall have **forty-five (45)** days following the filing of the petitioner's brief within which to file a brief in opposition. If petitioner does not file a brief,

the respondent has forty-five (45) days from the due date of the petitioner's brief to file his brief; and

3. The petitioner shall have **thirty (30)** days following the filing of the respondent's opposition brief within which to file a reply brief, if any.

In the event that respondent files a dispositive motion and supporting brief in lieu of an answer, this briefing schedule will be suspended and the briefing schedule will be as follows:

1. The petitioner shall have **forty-five (45) days** following the filing of the respondent's dispositive motion and supporting initial brief within which to file a brief in opposition;

2. The respondent shall have **thirty (30) days** following the filing of the petitioner's opposition brief within which to file a reply brief, if any.

Pursuant to Civil L.R. 7(f), the following page limitations apply: briefs in support of or in opposition to the habeas petition or a dispositive motion filed by the respondent must not exceed thirty (30) pages and reply briefs must not exceed fifteen (15) pages, not counting any statements of facts, exhibits, and affidavits.

Dated at Milwaukee, Wisconsin this 1st day of June, 2021.

BY THE COURT

NANCY JOSEPH
United States Magistrate Judge