IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

THOMAS F. BALL, II,

    Petitioner,

v.                                                Case No. 21-CV-637

DAN WINKLESKI,

    Respondent.

## REPLY BRIEF IN SUPPORT OF MOTION TO DISMISS

### INTRODUCTION

Thomas F. Ball, II, petitioned this Court under 28 U.S.C. § 2254 for a writ of habeas corpus challenging the legality of his confinement caused by judgments of conviction entered in Washington County Circuit Court Case Nos. 2000CF358 and 2000CF367. (Dkt. 1.) This Court should dismiss Ball's habeas petition for the reasons stated in Warden Dan Winkleski's main brief and the reasons stated below.

# ARGUMENT

**I. This Court should dismiss Ball's habeas petition because both his Ground One and Ground Two claims for relief are procedurally defaulted.**

In his initial brief in support of the filed motion to dismiss Ball's federal habeas petition, Warden Winkleski described why both Ball's Ground One and Ground Two claims for relief are procedurally defaulted given that the last state court to address those claims—the Wisconsin Court of Appeals—rejected them on an adequate and independent state law ground: Wisconsin's well-established postconviction motion pleading requirement set forth in *State v. Allen*, 2004 WI 106, 274 Wis. 2d 568, 682 N.W.2d 433. (Dkt. 8:7–8.)

Ball's counterarguments are difficult to follow. He begins by asserting that his claims are not procedurally defaulted "because the State Court did not deny his Petition 'on adequate and independent state-law grounds' because the State Court addressed Petitioner's claims on the merit[s]." (Dkt. 11:1 (citation omitted).) But Ball makes no attempt to support that contention. Indeed, the only portion of the appellate court's decision that Ball references with any specificity is a single paragraph where the court summarized the law governing double jeopardy claims. (Dkt. 11:2.)

Ball wholly fails to acknowledge the Wisconsin Court of Appeals' basis for rejecting his arguments. The court began its legal analysis by articulating (1) the principles governing ineffective-assistance-of-counsel claims, (2) the

requirement that a *Machner* evidentiary hearing be held to consider such a claim, (3) Wisconsin's well-established postconviction motion pleading standard that a defendant must satisfy before a trial court must convene a *Machner* hearing, and (4) a trial court's authority to deny an inadequately pled postconviction motion without an evidentiary hearing. (Dkt. 1:39–40.) From there, the court explained why there was no merit to Ball's various claims that his trial counsel was ineffective for not objecting to his sentencing structure, for not seeking additional sentence credit, and for not requesting a restitution hearing. (Dkt. 1:40–46.) But the court *also* concluded that

> Ball's motion asserting ineffective assistance *did not sufficiently plead* that counsel's performance was deficient or prejudicial in not arguing double jeopardy and finality of sentence or that sentence credit was misapplied. He also *did not sufficiently plead* that he was in any way prejudiced because he did not have a restitution hearing.

(Dkt. 1:45 (emphasis added).)

The decision's treatment of both the merits and the pleading deficiencies does not allow Ball to overcome his procedural default. "A state court may reach the merits of a federal claim in an alternative holding; if it does so explicitly, then the independent and adequate state ground doctrine 'curtails reconsideration of the federal issue on federal habeas.'" *Moore v. Bryant*, 295 F.3d 771, 775 (7th Cir. 2002) (citation omitted). In that situation, a federal habeas court must respect both the merits ruling and the alternative procedural ruling. *Brooks v. Walls*, 279 F.3d 518, 522 (7th Cir. 2002).

The court of appeals made clear that Ball's postconviction motion was insufficiently pled, holding that Ball failed to satisfy *Allen*'s pleading requirement to earn a requisite evidentiary *Machner* hearing. (Dkt. 1:45–46.) This Court should respect that alternative procedural ruling and hold that both of Ball's claims are procedurally defaulted.

Ball's alternative theory for overcoming his procedural default fares no better. He appears to contend that the *Allen* pleading requirement is "not sufficient to justify [the court of appeals'] decision" because, in his view, the rule "allows for the exercise of arbitrary action by a sovereign." (Dkt. 11:2.) But Ball's personal view of the *Allen* pleading requirement is irrelevant; the Seventh Circuit already determined that the rule is an adequate and independent state-law ground foreclosing habeas review. *Triplett v. McDermott*, 996 F.3d 825, 829–31 (7th Cir. 2021).

What remains of Ball's response is a renewed attempt to convince this Court that the Wisconsin Court of Appeals' decision was contrary to clearly established Supreme Court precedent. (Dkt. 11:2–6.) But now is not the time to argue the merits of his federal habeas claims; the central issue presently before this Court is whether Ball's two claims are procedurally defaulted, and Ball offers no coherent argument showing they are not. Nor does Ball attempt to excuse his procedural default by presenting any argument demonstrating cause for the default and prejudice resulting therefrom, or, alternatively, that

4

a miscarriage of justice would result if his claims were not entertained on their merits. *See Perruquet v. Briley*, 390 F.3d 505, 514 (7th Cir. 2004).

In sum, this Court should dismiss Ball's petition because he procedurally defaulted both articulated grounds for relief and offers nothing to excuse his procedural default.

## II. Alternatively, this Court should dismiss Ball's Ground Two claim for relief as not cognizable in federal habeas proceedings.

In his initial brief in support of the filed motion to dismiss Ball's federal habeas petition, Warden Winkleski explained why Ball's Ground Two claim for relief was not cognizable given that restitution orders imposed as part of a criminal sentence cannot be attacked in federal habeas proceedings, even when raised in the context of a Sixth Amendment ineffective-assistance-of-counsel claim. (Dkt. 8:9–10.)

Ball hardly acknowledges Warden Winkleski's argument, instead renewing his claim that trial counsel was ineffective for not requesting a hearing to dispute what he characterizes as a fraudulent $9000 restitution request. (Dkt. 11:4–6.) The closest Ball comes to addressing Warden Winkleski's argument is asserting that "restitution does go to the duration of one's sentence because any failure to satisfy those fines and fees will arbitrarily increase the duration of that sentence in violation of the Eighth Amendment." (Dkt. 11:5–6.)

Warden Winkleski will not belabor the points raised in his initial brief. Any relief that Ball could possibly secure in connection with his Ground Two claim would only alter the amount of money he owes to his victim, and it will not change the duration of confinement or extended supervision he will serve in connection with his conviction. The Seventh Circuit could be no clearer that such claims, even when couched in a Sixth Amendment claim of ineffective assistance of counsel, are not cognizable for federal habeas relief. *Washington v. Smith*, 564 F.3d 1350, 1351 (7th Cir. 2009).

Regardless of how Ball frames his claim, any complaints surrounding trial counsel's failure to challenge restitution in his case are not cognizable, and this Court should dismiss Ball's Ground Two claim.

# CONCLUSION

This Court should deny Ball's habeas corpus petition because both of his claims are procedurally defaulted, dismiss his petition with prejudice, and deny a certificate of appealability. Alternatively, should it determine that Ball has not procedurally defaulted his claims, this Court should nevertheless dismiss Ball's Ground Two claim for relief as non-cognizable in federal habeas proceedings.

Dated this 12th day of November 2021.

Respectfully submitted,

JOSHUA L. KAUL
Attorney General of Wisconsin

Electronically signed by:

s/John W. Kellis
JOHN W. KELLIS
Assistant Attorney General
State Bar #1083400

Attorneys for Respondent

Wisconsin Department of Justice
Post Office Box 7857
Madison, Wisconsin 53707-7857
(608) 266-7081
(608) 294-2907 (Fax)
kellisjw@doj.state.wi.us