UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

_____

THOMAS F. BALL, II,

        Petitioner,

   v.                                                   Case No. 21-cv-0637-bhl

DAN WINKLESKI,

        Respondent.
_____

## ORDER DISMISSING §2254 HABEAS PETITION
_____

       Habeas Petitioner Thomas F. Ball II had quite an eventful couple of days in early autumn 2000. On September 29, 2000, he robbed a bank at gunpoint and led police officers on a lengthy high-speed chase that ended with his apprehension. (ECF No. 8 at 2.) Two days later, while receiving treatment at a local hospital, Ball stabbed a police detective with his IV needle, stole her firearm, and shot off his shackles. (*Id.*) He then carjacked an elderly woman and instigated a second high speed chase, which, again, ended with his apprehension. (*Id.*) For this litany of crimes, he received an aggregated sentence of 42 years' initial confinement and 45 years' extended supervision. (*Id.* at 3.) Fifteen years after that sentence came down, the Wisconsin Department of Corrections noticed that the trial court had improperly applied an enhancement penalty to the extended supervision period of Ball's sentences. (*Id.*) As a result, the trial court held a resentencing hearing where it reduced the aggregated sentence to 38 years' initial confinement and 39 years' extended supervision. (*Id.*) Ball challenged the resentencing in a postconviction motion, contending: (1) his attorney should have requested a restitution hearing; and (2) his attorney should have argued that resentencing violated the constitutional protection against double jeopardy. (*Id.* at 4; ECF No. 1 at 6-7.) The circuit court and Wisconsin Court of Appeals rejected these challenges, and the Wisconsin Supreme Court denied Ball's petition for review. (ECF No. 8 at 4-5.) Thereafter, Ball filed his petition for writ of habeas corpus pursuant to 28 U.S.C. Section 2254 with this Court. (ECF No. 1.) Respondent has moved to dismiss the petition. (ECF No. 7.) For the following reasons, that motion will be granted.

## LEGAL STANDARD

To obtain federal habeas relief, Ball must prove that his state court custody is "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. §2254(a). To carry this burden, he must show that the Wisconsin courts rejected his claims "in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," 28 U.S.C. §2254(d)(1), or "in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. §2254(d)(2).

## ANALYSIS

Ball claims that he received ineffective assistance of counsel at his resentencing because his attorney (1) failed to request a restitution hearing; and (2) failed to object to resentencing based on the prohibition against double jeopardy. (ECF No. 1 at 6-7.) Respondent argues that both claims are procedurally defaulted because the Wisconsin Court of Appeals resolved them on an independent and adequate state law ground. (ECF No. 8 at 5.) Additionally, Respondent argues that ground one is not cognizable because it does not meet the "in custody" requirement. (*Id.* at 9.)

**I.   The State Court Decision Rests On an Independent and Adequate State Law Ground.**

A federal habeas court reviews "the decision of the last state court to rule on the merits of the petitioner's claim." *Charlton v. Davis*, 439 F.3d 369, 374 (7th Cir. 2006) (citation omitted). In this case, that was the Wisconsin Court of Appeals. If that court decided Ball's claims on independent and adequate state law grounds, this Court may not consider them. *See Miranda v. Leibach*, 394 F.3d 984, 991 (7th Cir. 2005). A state ground is independent "only if the state court actually relied on a state rule sufficient to justify its decision." *Id.* at 992 (citation omitted). "A state law ground is adequate 'when it is a firmly established and regularly followed state practice at the time it is applied.'" *Lee v. Foster*, 750 F.3d 687, 693 (7th Cir. 2014) (quoting *Thompkins v. Pfister*, 698 F.3d 976, 986 (7th Cir. 2012)). Additionally, "[a] state court may reach the merits of a federal claim in an alternative holding; if it does so explicitly, then the independent and adequate state ground doctrine 'curtails reconsideration of the federal issue on federal habeas.'" *Moore v. Bryant*, 295 F.3d 771, 775 (7th Cir. 2002) (quoting *Harris v. Reed*, 489 U.S. 255, 264 n.10 (1989)).

Respondent argues that the Wisconsin Court of Appeals rejected Ball's claims because he did not comply with Wisconsin's *Allen* rule, a "well-rooted procedural requirement," *Triplett v.*

*McDermott*, 996 F.3d 825, 830 (7th Cir. 2021), permitting courts to deny inadequately pled postconviction motions. (ECF No. 14 at 3-4.) Under *Allen*, a petitioner must "provide sufficient material facts, '*e.g.*, who, what, where, when, why, and how—that, if true, would entitle him to the relief he seeks.'" *Lee*, 750 F.3d at 693 (quoting *State v. Allen*, 682 N.W.2d 433, 436 (2004)). In Ball's case, the court of appeals held, "Ball's motion asserting ineffective assistance did not sufficiently plead that counsel's performance was deficient or prejudicial in not arguing double jeopardy and finality of sentence or that sentence credit was misapplied." *State v. Ball*, Nos. 2018-AP-2184-CR, 2018-AP-2185-CR, 2020 WL 2111233, *5 (Wis. Ct. App. Apr. 15, 2020). It further held that he "did not sufficiently plead that he was in any way prejudiced because he did not have a restitution hearing." *Id.* Thus, as in *Triplett*, "the Wisconsin Court of Appeals held that [Ball] was not entitled to an evidentiary hearing on the merits of his ineffectiveness claim . . . because he had failed to support his claim of prejudice with objective facts, as Wisconsin law requires." *Triplett*, 996 F.3d at 829 (citations omitted). This is an independent and adequate ground for the state court decision. *See Lee*, 750 F.3d at 694. Ball is correct that the court of appeals did at least nominally address the merits of his ineffective-assistance claims, but where a state court decision invokes both the merits and a state procedural bar, the state procedural determination precludes reconsideration of the merits in federal habeas. *See Brooks v. Walls*, 279 F.3d 518, 522 (7th Cir. 2002). Ball's habeas claims are therefore procedurally defaulted, and because he has not attempted to excuse his default by showing cause and prejudice or a miscarriage of justice, his petition must be dismissed. *Perruquet v. Briley*, 390 F.3d 505, 514 (7th Cir. 2004).

## II. Ball's Restitution Claim Also Fails Because It Is Not Cognizable in Federal Habeas.

A state prisoner may obtain federal habeas relief only when his *custody* violates the Constitution, laws, or treaties of the United States. *See* 28 U.S.C. §2254(a). "[S]imply because a petitioner is in custody does not permit him to challenge non-custodial aspects of his sentence." *Washington v. Jess*, No. 08-cv-111, 2008 WL 5191250, *9 (E.D. Wis. Dec. 11, 2008). It follows, then, that "a § 2254 petition attacking a criminal judgment entered by a state court . . . is unavailable to challenge a restitution order imposed as part of a criminal sentence." *Washington v. Smith*, 564 F.3d 1350, 1351 (7th Cir. 2009) (citations omitted). And an "attack on counsel's handling of the restitution amount simply does not state a cognizable claim for relief under § 2254." *Id.* (citations omitted).

Ball's first ground for relief is precisely what *Washington* prohibits—an attack on his counsel's handling of restitution. Thus, even if that ground were not barred by an independent and adequate state law ground, it would still fail because it is not cognizable in federal habeas.

## CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Respondent's motion to dismiss, ECF No. 7, is **GRANTED**. The petition for writ of habeas corpus, ECF No. 1, is **DENIED**, and the case is **dismissed**. The Clerk of Court is directed to enter judgment accordingly.

**IT IS FURTHER ORDERED** that a certificate of appealability **SHALL NOT ISSUE** because the Court does not find that any reasonable jurist could debate the petition should have been resolved in a different manner. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Dated at Milwaukee, Wisconsin on May 18, 2022.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge